USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/13/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
MELISSA TRETOLA,                                                  :
                                                                  :    13 Civ. 231 (PAE)
                              Plaintiff,                          :
                                                                  :    OPINION & ORDER
                  -v-                                             :
                                                                  :
FIRST UNUM LIFE INSURANCE COMPANY,                                :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On April 8, 2013, the Court held an initial pretrial conference in this case. At the conference, the parties disagreed about whether, and to what extent, any discovery is permitted and appropriate to supplement the administrative record in this case, in which plaintiff challenges the determination of an ERISA claims administrator. The Court directed the parties to brief the issue in letters. *See* Dkt. 7–8.

The dispute arises because plaintiff Melissa Tretola ("Tretola") alleges that defendant First Unum Line Insurance Co. ("First Unum") was operating under a conflict of interest that tainted its claims determination. *See* Compl. ¶¶ 183–185. First Unum acknowledges that a conflict of interests exists, because it both determines whether a claims is payable and pays the claims. The Supreme Court's decision in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), emphasized that any such conflict of interest is a factor to be considered in a court's review of an ERISA benefits determination: "[W]hen judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one." 554 U.S. at 117; *see also Hogan-Cross v. Metro. Life Ins. Co.*, 568 F. Supp. 2d

1

410, 415 (S.D.N.Y. 2008) ("In making that determination, the existence, nature, extent, and effect of any conflict of interest are relevant considerations.").

As to the standard governing whether discovery should be allowed, that standard is clearly different from the ultimate standard of review. *See, e.g., Baird v. Prudential Ins. Co. of Am.*, No. 09 Civ. 7898 (PGG), 2010 WL 3743839, at *8 (S.D.N.Y. Sept. 24, 2010) ("[T]he standard for permitting discovery to supplement the administrative record in an ERISA case is far less stringent than the standard for actually considering that outside evidence." (quoting *Ramsteck v. Aetna Life Ins. Co.*, No. 08 Civ. 12 (JFB)(ETB), 2009 WL 1796999, at *8 n.3 (E.D.N.Y. Jun. 24, 2009))); *Mergel v. Prudential Life Ins. Co. of Am.*, No. 09 Civ. 39 (HB), 2009 WL 2849084, at *1 (S.D.N.Y. Sept. 1, 2009) ("Metlife may be correct in arguing that even if it is found to be operating under a conflict of interest, that will not affect the deferential standard of review in this case. However, it does not follow that all evidence outside the administrative record is *necessarily* not discoverable." (quoting *Kruk v. Metropolitan Life Ins. Co.*, No. 07 Civ. 1533 (CSH), 2009 WL 141543, *2 (D. Conn, May 26, 2009) (emphasis in original))). After *Glenn*, however, district courts in this circuit—and across the country—have applied varying standards to the discovery inquiry. *See Joyner v. Cont'l Cas. Co.*, 837 F. Supp. 2d 233, 242 (S.D.N.Y. 2011) ("Courts around the country have adopted a wide range of standards—some permitting open discovery, others limited discovery on conflicts, and others no discovery at all."); *Winterbauer v. Life Ins. Co. of N. Am.*, No. 4:07 CV 1026 DDN, 2008 WL 4643942, at *4–6 (E.D. Mo. Oct. 20, 2008) (collecting cases).

In *Glenn* itself, the Court did not address the standard for granting discovery. The Court did note, however, that the extent of the conflict was a relevant consideration for a district court:

> The conflict of interest at issue here, for example, should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood

2

> that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

*Glenn*, 554 U.S. at 117 (citation omitted). From this discussion, it logically follows that some amount of discovery is necessary, to enable the Court to determine the extent and nature of the conflict and the appropriate weight to give this conflict in the ultimate merits analysis.

Several district courts in the Southern District have reached the same conclusion based on *Glenn*. *See, e.g., Joyner*, 837 F. Supp. 2d at 242 ("Given *Glenn*'s command that district courts '*should* consider' evidence of a financial conflict of interest, it appears reasonable to allow plaintiff the opportunity to discover evidence the Court may find gives it good cause to go outside the administrative record." (citation omitted)); *Mergel*, 2009 WL 2849084, at *1 ("Indeed, the role that the conflict may have played in the outcome can only be assessed after discovery has been allowed and complied with."). In *Schrom v. Guardian Life Insurance Co. of America*, Judge Francis allowed discovery as to the contractual relationship between the insurer and insurance broker, but did not allow a deposition of the plaintiff. In doing so, he emphasized the support that *Glenn* provides for allowing discovery into the nature and extent of the conflict of interest:

> In my view, *Glenn* dictates more constrained discovery in one respect and somewhat more expansive discovery in another. Because it is now clear that a deferential standard of review applies when a plan accords the claims administrator discretion, even when the administrator is operating with a conflict, it will be more difficult in such cases to show good cause for discovery on the merits of the claim determination itself: "absent serious procedural deficiencies, discovery into the substantive merits of a claim remains off limits." On the other hand, by identifying an administrator's conflict as one factor to be weighed in evaluating whether a denial of benefits is arbitrary and capricious, *Glenn* invited

3

> discovery relating to any such conflict, since much of the relevant information would not have been part of the record.

No. 11 Civ. 1680 (BSJ)(JCF), 2012 WL 28138, at *4 (S.D.N.Y. Jan. 5, 2012) (citation omitted).

The Court agrees with that analysis. It is undisputed that First Unum is operating under such a structural conflict. To enable the Court to appropriately weigh that conflict in its ultimate merits review, discovery is necessary into that conflict. Such discovery is particularly merited here. The Supreme Court has instructed that where an insurance company administrator has a "history of biased claims administration," there is "a higher likelihood that [the conflict] affected the benefits decision." *Glenn*, 554 U.S. at 117. First Unum has such a history: The Second Circuit has noted "a well-documented history of abusive tactics" by First Unum. *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 137 (2d Cir. 2008); *see also Radford Trust v. First Unum Life Ins. Co.*, 321 F. Supp. 2d 226, 247 (D. Mass. 2004) (collecting cases), *rev'd on other grounds*, 491 F.3d 21, 25 (1st Cir. 2007). Indeed, the Supreme Court in Glenn cited First Unum as an example of an insurer that had a history of biased claims administration and where the conflict should be "more important (perhaps of great importance)." *Glenn*, 554 U.S. at 117 (citing John H. Langbein, Trust Law as Regulatory Law: The Unum/Provident Scandal and Judicial Review of Benefit Denials Under ERISA, 101 Nw. U. L. Rev. 1317–21 (2007)). Although First Unum may well have improved or even fully corrected its practices, as it contends—and for which there is some evidence, *see, e.g.*, *Mercado v. First Unum Life Ins. Co.*, No. 11 Civ. 4272 (RMB)(RLE), 2013 WL 633100, at *27 (S.D.N.Y. Feb. 21, 2013))—the Court cannot take for granted First Unum's claim to have mended its ways. The company's regrettable history and *Glenn*'s command to weigh conflicts of interests as a factor dictate that discovery into First Unum's conflict of interest be permitted here.

4

Accordingly, the Court grants limited discovery to Tretola. She may conduct discovery into the acknowledged conflict of interest. At this time, only document discovery and three depositions are authorized, one of which, at Tretola's election, may include a Rule 30(b)(6) witness for First Unum. If Tretola believes further discovery into the conflict of interest is merited, she must seek leave of the Court to take such discovery. No discovery into the merits of the claim determination is permitted at this time, without prejudice to Tretola's right later to seek such discovery.

Discovery into First Unum's conflict of interest will close on August 12, 2013. No later than August 16, 2013, plaintiff shall submit a letter, not to exceed three single-spaced pages, addressing whether additional discovery is merited. No later than August 21, 2013, defendant shall file a responsive letter, also not to exceed three single-spaced pages.

After the close of discovery, the Court will then determine the standard of review to be applied here, and depending on the outcome, will set an appropriate briefing schedule for the parties' summary judgment motions.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: June 13, 2013
       New York, New York