UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                        :

MELISSA TRETOLA,                         :

                           Plaintiff,      :

                                            :         13 Civ. 231 (PAE)

                -v-                        :

                                          :        OPINION & ORDER

FIRST UNUM LIFE INSURANCE COMPANY,    :

                                          :

                           Defendant.     :

                                          :

------------------------------------------------------------------------X

PAUL A.  ENGELMAYER, District Judge:

      In this action, brought pursuant to the Employee Retirement Income Security Act of

1974, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"), plaintiff Melissa Tretola ("Tretola") challenges the

decision of defendant First Unum Life Insurance Company ("First Unum") to terminate her long-

term disability benefits, effective February 14, 2012.  Tretola asserts, *inter alia*, that First

Unum's decision to terminate her benefits was not supported by the evidence, was contrary to the

policy's terms, and was tainted by a conflict of interest.  Accordingly, Tretola seeks

reinstatement of her monthly disability payments, and compensation for all payments missed

since February 14, 2012.

      The parties have informed the Court that they intend to file cross-motions for summary

judgment.  As it has previously held, the Court will review First Unum's termination decision *de*

*novo*.  Ordinarily, the *de novo* review of a benefit denial under ERISA is limited to the record

that was before the claims administrator; however, extrinsic evidence may be considered if the

court finds "good cause."  Tretola has now moved to submit extrinsic evidence in support of her

motion for summary judgment.  For the reasons that follow, that motion is denied.

## I.      Background

On January 10, 2013, Tretola filed the Complaint in this case.  Dkt. 1 ("Compl.").  On

June 13, 2013, the Court granted Tretola limited discovery on the extent of First Unum's conflict

of interest.  Dkt. 9.  That period of discovery closed on September 13, 2013, at which point the

Court directed briefing as to the level of deference the Court should apply in reviewing First

Unum's benefits determination, and whether additional merits discovery was justified.  Dkt. 25.

On November 14, 2013, the Court held that the appropriate standard of review in this case was

*de novo*, and that "a short period of limited merits discovery" was warranted.  Dkt. 32.  The

Court noted that a court's *de novo* review of a benefit denial is usually limited to the record

before the claims administrator, but that "outside evidence may be considered if the court finds

'good cause.'"  *Id.* (citing *DeFelice v. American Int'l Life Assur. Co.*, 112 F.3d 61, 67 (2d Cir.

1997)).  However, as the Court emphasized, the decision to permit *discovery* into matters outside

of the administrative record did not mean that such evidence would be *admissible* at trial or on

summary judgment.  In a phone conference on December 4, 2013, the Court authorized the

taking of a Rule 30(b)(6) deposition of a First Unum representative, who would testify

concerning the four areas of potential merits discovery sought by Tretola:  "1) Unum's

inconsistent position on Plaintiff's Social Security Administration award; 2) Unum's slanting the

evidence in its favor and for its experts; 3) Unum's failure to identify improvement in plaintiff's

medical condition; and 4) Unum's reversal on plaintiff's subjective evidence."  Dkt. 33, 36.

The Rule 30(b)(6) deposition was conducted on January 16, 2014; the witness designated

by First Unum for that deposition was Cynthia B. Locke.  Dkt. 45.  For a variety of reasons not

relevant here, Tretola objected to the conduct of that deposition and requested that a second

deposition be taken.  *Id.*  On February 27, 2014, the Court directed that Locke's Rule 30(b)(6)

deposition be reopened by March 21, 2014. *Id.* The reopened deposition was taken on March 14, 2014. Dkt. 50. On April 9, 2014, the Court denied plaintiff's untimely request to depose "a Unum vocational representative" and directed the parties to submit a joint letter, identifying whether they could agree on what, if any, evidence the Court should consider beyond the administrative record. Dkt. 51. On April 23, 2014, the parties submitted their joint letter, stating that they could not agree. Dkt. 52. Accordingly, on May 7, 2014, the Court set a schedule for the parties to brief that limited issue. Dkt. 53.

On May 15, 2014, Tretola filed a motion to consider extrinsic evidence, Dkt. 54, and an accompanying memorandum of law, Dkt. 55 ("Pl. Br."). On May 22, 2014, First Unum filed a memorandum of law in opposition to Tretola's motion to consider extrinsic evidence, Dkt. 60 ("Def. Br."), and two accompanying affidavits, from Steven Del Mauro, Dkt. 61 ("Del Mauro Aff."), and Cynthia B. Locke, Dkt. 62 ("Locke Aff.").

## II.     Legal Standard

The Court has held that it would review First Unum's decision to deny Tretola's benefits *de novo*. On *de novo* review, the Court "stands in the shoes of the original decisionmaker, interprets the terms of the benefits plan, determines the proper diagnostic criteria, reviews the medical evidence, and reaches its own conclusion about whether the plaintiff has shown, by a preponderance of the evidence, that she is entitled to benefits under the plan." *McDonnell v. First Unum Life Ins. Co.*, No. 10 Civ. 8140 (RPP), 2013 WL 3975941, at *12 (S.D.N.Y. Aug. 5, 2013) (citations omitted).

*De novo* review of a plan administrator's decision "is limited to the record in front of the claims administrator unless the district court finds *good cause* to consider additional evidence." *DeFelice*, 112 F.3d at 67 (emphasis added). "The decision 'whether to admit additional evidence

is one which is discretionary with the district court.'"  *Locher v. Unum Life Ins. Co. of America*, 389 F.3d 288, 294 (2d Cir. 2004) (quoting *DeFelice*, 112 F.3d at 66).

"A demonstrated conflict of interest in the administrative reviewing body is an example of 'good cause' warranting the introduction of additional evidence"; however, "a conflict of interest does not *per se* constitute 'good cause' to consider evidence outside of the administrative record."  *Id.* (quoting *DeFelice*, 112 F.3d at 67).  In both *DeFelice* and *Lochner*, the decision to admit extrinsic evidence was based on a demonstrated conflict of interest, coupled with "procedural problems with the plan administrator's appeals process."  *Id.* at 295 (citing *DeFelice*, 112 F.3d at 66); *id.* at 296 ("In the case at hand, we hold that the District Court's finding of good cause is bolstered in part by the finding that there were insufficient procedures for internal or appellate review.").  As the Second Circuit explained in *DeFelice*, the admission of extrinsic evidence is appropriate when "the fairness of the ERISA appeals process cannot be established using only the record before the administrator."  112 F.3d at 66.

## III.   Discussion

Tretola seeks to admit two items of extrinsic evidence:  (1) a sworn declaration from Linda Nee, an employee of First Unum between 1994 and 2002, dated February 18, 2003; and (2) a document titled "Fibromyalgia Position Statement and Guidelines," dated July 29, 2002. *See* Del Mauro Aff., Exs. A–B.  First Unum opposes Tretola's motion on two grounds:  that (1) Tretola has failed to establish good cause to introduce these documents; and (2) such evidence is inadmissible under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  *See* Def. Br. at 1.

### A.       Tretola Has Not Established Good Cause to Admit the Extrinsic Evidence

First Unum concedes that it operated, in this case, under a structural conflict of interest, in that it served as both the claims reviewer and claims payer for Tretola's long-term disability plan.  Tretola asserts that this conflict, combined with what she claims to be evidence of procedural irregularities, establishes good cause to consider the extrinsic evidence proffered by Tretola.

As to the conflict of interest, Tretola provides no evidence that First Unum's structural conflict actually resulted in biased claims handling with respect to her disability claim.  All of the evidence Tretola provides regarding this point, in fact, is unrelated to First Unum's decision to deny Tretola's claim.  Rather, the evidence cited by Tretola consists mostly of generic reports by journalists as to First Unum's policies and practices before 2004—*i.e.*, before First Unum entered into a Regulatory Settlement Agreement ("RSA") with state and federal insurance regulators.  *See* Del Mauro Aff., Ex. H.  For instance, Tretola cites to an October 13, 2002 NBC *Dateline* report and a November 17, 2002 CBS *60 Minutes* report, both of which reported that First Unum "put tremendous pressure on claims handlers to deny new claims and shut down existing ones."  Pl. Br. at 2–3.  Tretola also relies on the declaration of Linda Nee, a former Unum claims handler, who stated that her job was to terminate and deny claims.  *Id.* at 3; Del Mauro Aff. Ex. A.  Nee, however, stopped working for First Unum in November 15, 2002.  Def. Br. at 1.  Tretola also points to a $1 million fine against First Unum issued by the Georgia Insurance Commission.  That fine, too, however, predated the RSA—it was issued on March 19, 2003.  Pl. Br. at 3.  All of these incidents, in short, concern events that occurred some eight to 10 years before Tretola's claim was denied (in February 2012).  None of it fairly bears on whether First Unum's conflict of interest infected its decision-making as to *Tretola's claim* for disability

benefits.  Further, because the Court has resolved to review First Unum's benefits determination *de novo*, the admission of evidence of First Unum's biased claims handling more than a decade ago is of no moment.

As to the purported procedural irregularities to which Tretola points, these mostly concern disagreements with the substance of First Unum's decision to deny benefits, not the procedures used by First Unum to arrive at that decision.  The specific "irregularities" Tretola identifies include:  First Unum's (1) use of "control points" for fibromyalgia, instead of the American College of Rheumatology's tender point diagnostic criteria; (2) failure to reconcile its own conclusion that Tretola could do her regular occupation with the determination of the Social Security Administration ("SSA") that she could not perform any occupation; (3) failure to consider whether Tretola's medical condition had changed, or improved, after Unum had approved benefits; (4) "slanted view of the evidence"; and (5) deletion of evidence.

As to the claim that First Unum deleted evidence, Tretola provides neither direct proof, nor any credible circumstantial evidence, to support this allegation, so the Court has disregarded it.  *See* Pl. Br. at 10.  As to the other four claims, the administrative record sets out First Unum's stated reasons, whether persuasive or not, for each of the decisions objected to by Tretola.  For instance, First Unum's denial of benefits decision states that the lack of control points cast some doubt on Tretola's diagnosis for fibromyalgia, but that even if Tretola's diagnosis of fibromyalgia were correct, the disorder would not have precluded her from performing her occupation.  Del Mauro Aff., Exs. J, K.  The denial of benefits decision also states that First Unum gave the SSA decision "significant weight," and that First Unum's decision to deny benefits was consistent with the SSA's decision, which had stated that Tretola's condition was not permanent and was expected to improve.  *See id.*, Ex. J.  Finally, the denial of benefits

decision reviews, in detail, each of the medical examinations, which, to some extent, belies Tretola's claim that First Unum failed to consider the changing nature of her medical condition, or that it improperly slanted the evidence to favor one medical examination over another. *Id.*

To be clear, the Court, at this stage in the case, takes no position on whether First Unum's decision to deny Tretola's benefits claim was right or wrong. The issue before the Court at this point is solely whether to permit the administrative record to be augmented. But the procedural irregularities identified by Tretola appear on review to be objections to the *substance* of First Unum's decision to terminate benefits, not the *procedures* that First Unum used to make that decision. Because the substance of the decision will be reviewed by the Court *de novo*, the extrinsic evidence proffered by Tretola would not add anything useful to the Court's review. Accordingly, Tretola has failed to establish good cause for the Court to consider such evidence.

Because the fairness of First Unum's decision can be fairly evaluated based on the record before the administrator, Tretola's motion to admit extrinsic evidence is denied.

## B. The Extrinsic Evidence Proffered by Tretola is Irrelevant and thus Excluded Under Federal Rule of Evidence 402

First Unum also objects to the admissibility of Tretola's extrinsic evidence on other grounds, including that Tretola failed to disclose this evidence in discovery, *see* Fed. R. Civ. P. 37; that such evidence is inadmissible hearsay, *see* Fed. R. Evid. 802; that it has not been authenticated, *see id.* Rule 901; and that the probative value of the evidence is substantially outweighed by the risk it presents of unfair prejudice or confusion, *see id.* Rule 403.

All of these objections are valid. More fundamentally, however, the extrinsic evidence proffered by Tretola is simply not relevant to the decision that this Court will be called upon to address on summary judgment, and thus must be excluded under Federal Rule of Evidence 402. The decision before the Court will be whether Tretola has shown, by a preponderance of the

evidence, that she is entitled to long-term disability benefits under her plan with First Unum. That decision will turn on the Court's construction of the plan's terms, the proper diagnostic criteria for fibromyalgia, and the medical evidence in the administrative record. It will not turn on what Linda Nee said about how First Unum's claim process operated when she was employed there between 1994 and 2002. Nor will it turn on the "Fibromyalgia Position Statement and Guidelines," a document of uncertain provenance, which has no apparent connection to First Unum's assessment procedures for fibromyalgia claims as of 2012. This evidence is irrelevant and thus must be excluded.

## CONCLUSION

For the foregoing reasons, Tretola's motion to introduce evidence extrinsic to the administrative record is denied. The Clerk of Court is directed to terminate the motion pending at docket number 54.

The parties previously indicated their intention to file cross-motions for summary judgment. If the parties file such motions, they will do so, relying solely on the evidence in the administrative record, on the following schedule: cross-motions for summary judgment will be due July 23, 2014; responsive briefs will be due August 13, 2014. Reply briefs are not invited.

SO ORDERED.

Paul A. Engelmayer

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: June 23, 2014
       New York, New York

8